IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SCOTT JOHNSON, <br><br> Plaintiff, <br><br> vs. <br><br> FEDERATED RURAL ELECTRIC INSURANCE EXCHANGE, <br><br> Defendant. | CV 13–18–BU–DLC <br><br> ORDER |

Before the Court is Plaintiff's motion to compel compliance with the stipulation entered in this case on December 17, 2013 regarding payment of attorney's fees. Plaintiff Scott Johnson argues he is entitled to an additional $42,600.15 in attorney's fees in this case. Plaintiff's arguments are unclear, conclusory, and leave the Court entirely unconvinced that Defendant must pay an additional $42,600.15 in order to comply with the stipulation. Plaintiff's motion to compel will therefore be denied.

I. **Background**

Plaintiff was a director of Global Net, Inc. ("GNI") and his removal as an officer is one of a number of pieces of litigation involving both GNI and Glacier

1

Electric Cooperative, Inc. in the Eighteenth Judicial District in Gallatin County, Montana. The litigation involving his removal is referred to by the parties as the "underlying litigation," the "business litigation," and the "corporate litigation." It will be referred to as the "underlying litigation" in this case. The underlying litigation is a separate case from what is referred to as the "lease litigation." The lease litigation involves a dispute with Plaintiff's property company and the leasing of office space.

The action before this Court is a narrow one. Defendant Federated Rural Electric Insurance Exchange ("Federated") provided a Directors, Officers, and Managers Liability and Corporate Indemnification Policy to Plaintiff's employer. Federated submitted a Reservation of Rights letter in which it agreed to provide coverage subject to the terms of the letter and the D&O policy. Plaintiff filed a declaratory judgment action against Federated because it did not pay the full amount of fees and costs requested by Plaintiff. Various motions were filed in this action which were subsequently resolved by the parties' stipulation, adopted by the Court on December 17, 2013. (Doc. 43.) The stipulation and order provide that Federated will pay on a monthly basis all reasonable and necessary attorney's fees and costs incurred in the defense of Plaintiff for the underlying litigation with GEC/GNI.

## II. Discussion

Plaintiff now seeks to compel compliance with the stipulation, arguing in his initial brief that he is owed $42,600.15 in fees and costs incurred from the underlying litigation prior to November 15, 2013. Plaintiff then argues both that the payment of $42,600.15 was toward the lease litigation (Doc. 49 at 2) and was incurred as a result of the underlying litigation (Doc. 49 at 3) in his reply. It appears that although Federated has paid the $42,600.15 in dispute, it now contends that it is properly credited toward the lease litigation, meaning that Plaintiff is responsible for payment of those fees.

Federated argues it has denied any obligation to defend, indemnify, or reimburse billing for the lease litigation, and that is has never reimbursed billing on the lease litigation. Despite this position, Federated contributed $25,000 to the settlement of the lease litigation in exchange for Johnson's release of all claims for attorney's fees and costs in May 2013.

The stipulation entered in this case only requires Federated to pay for fees and costs associated with the underlying litigation. Despite Plaintiff's conclusory statements that the $42,600.15 in question was "incurred as a result of the underlying litigation" it is clear that this amount was billed to the lease litigation. Even if, as Plaintiff contends, a spreadsheet emailed to him from Federated listed payments for lease case invoices, this does not change the language of the

3

stipulation that only requires Federated to pay fees for the underlying litigation. The stipulation is in accordance with Federated's stated position regarding this motion, and with its supporting affidavit clearly stating that it has only paid fees for the underlying litigation apart from the $25,000 submitted during the settlement of the lease litigation. Plaintiff's confusing and contradictory arguments do not convince the Court otherwise, and his motion to compel will be denied.

IT IS ORDERED that Plaintiff's motion to compel (Doc. 44) is DENIED.

DATED this 4th day of March, 2014.

_____
Dana L. Christensen, Chief District Judge
United States District Court