

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERATED RURAL ELECTRIC INSURANCE EXCHANGE,<br><br>Defendant. | CV 13–18–BU–DLC<br><br>ORDER |

Before the Court is Plaintiff Scott Johnson's ("Johnson") Rule 54(d) motion for attorneys' fees and costs. (Doc. 71.) For the reasons explained below, the Court denies Johnson's motion.

On December 14, 2016, this Court issued its Order on the parties' Federated's motion for partial summary judgment regarding the D&O Policy at issue. The Court granted Federated's motion in part and found that the D&O Policy does not provide a duty to defend Johnson in the underlying litigation as to the claim of conversion for $14,264.17, but that Federated was still under a duty to advance defense costs as they are incurred as to the remaining covered claims.

Johnson acknowledges that while Federated was successful in avoiding any obligation to pay the $14,264.17 conversion claim, Johnson was more successful

in the outcome because he obtained full, complete, and ongoing insurance coverage in the underlying case on all other claims. (Doc. 72 at 6.) Federated counters that while both Johnson and Federated achieved a victory on certain issues as to coverage, neither was totally successful because both parties also suffered a loss. Therefore, Johnson is not a "prevailing party" and is not entitled to attorneys' fees under the insurance exception to the American Rule, nor is Johnson entitled to attorneys' fees as supplemental relief under Montana Code Annotated § 27-8-313 (2015). (Doc. 73 at 2–3.) Further, Federated argues that since Federated has continued to pay all of Johnson's defense fees and costs, it was not necessary for Johnson to seek a declaration showing he was entitled to relief and the declaratory relief sought was not necessary to change the status quo. (*Id.* at 3–4.)

"Montana follows the general American Rule that a party in a civil action is not entitled to attorney fees absent a specific contractual or statutory provision." *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652, 655 (Mont. 2003). However, pursuant to the insurance exception to the American Rule, an insured is entitled to recover attorney fees "when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract, regardless of whether the insurer's duty to defend is at issue." *Brewer*, 69

P.3d at 660. This insurance exception applies only when the insured prevails. *Id.* at 655 (citing *Kunst v. Pass*, 957 P.2d 1 (Mont. 1998)). Even if a party prevails in one respect, the party may not be entitled to fees because it must have prevailed in total. *In re Marriage of Pfennigs*, 989 P.2d 327, 334 (Mont. 1999) ("[N]either party is totally successful on appeal and, as a result, neither is the prevailing party for purposes of the Agreement's attorney fees provision").

Additionally, the Montana Supreme Court has recognized that even though Mont. Code Ann. § 27-8-313 does not contain a specific attorney fee provision, it gives a court the ability to grant "supplemental relief" when equitable considerations support that award. *United Nat. Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 214 P.3d 1260, 1270 (Mont. 2009); *Trustees of Indiana University v. Buxbaum*, 69 P.3d 663, 673 (Mont. 2003). Once the court finds that equity supports such an award, the court must also find that the award is "necessary and proper." *United Nat. Ins. Co.*, 214 P.3d at 1270–1271. The tangible parameters test provides that fees are "necessary and proper" when: (1) an insurance company possesses what the plaintiffs sought in the declaratory relief action; (2) it is necessary to seek a declaration showing that the plaintiffs are entitled to the relief sought; and (3) the declaratory relief sought was necessary in order to change the status quo." *Martin v. SAIF Corp.*, 167 P.3d 916, 920 (Mont. 2007). Further, the

Montana Supreme Court has recognized a party's "tactical decision" to file a declaratory judgment action does not automatically presume attorney fees are "necessary or proper." *Buxbaum*, 69 P.3d at 675.

First, pursuant to this Court's December 14, 2016 Order, both parties achieved some success: Federated was not obligated to defend or indemnify Johnson any further in the underlying litigation as it related to the claim for conversion, but Johnson was still entitled to Federated's coverage with respect to the remaining claims. Thus, because both parties gained a victory, no party is considered to have wholly prevailed. Johnson is not entitled to attorneys' fees on this theory.

Second, the Court will not grant Johnson supplemental relief here because equity does not support such an award. Federated has paid over $2,000,000 in this case to defend Johnson in the underlying litigation, and Federated will continue to pay Johnson's fees and costs as it relates to the remaining claims. Moreover, the Court's order on Federated's motion for partial summary judgement did not alter the status quo because Federated had already stipulated to pay Johnson's fees and costs.

Accordingly, IT IS ORDERED that Johnson's Rule 54(d) Motion for Attorneys' Fees and Costs (Doc. 71) is DENIED.

DATED this 26th day of April, 2017.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court